UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANDRE ANDERSON,

                              Plaintiff,           Case No.: 21 Civ. 3569 (LAK)

      -against-

SARENA TOWNSEND, Individually,
RUBEN BENITEZ, Individually, DEION ISLAR,
Individually, CHRISTOPHER DIXON, Individually,
and NEW YORK CITY, New York,

                              Defendants.
------------------------------------------------------------------x

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

**THE BELLANTONI LAW FIRM, PLLC**
*Attorneys for Plaintiff*
2 Overhill Road, Suite 400
Scarsdale, New York 10583
914/367-0090
ABELL@BELLANTONI-LAW.COM

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................................i

PRELIMINARY STATEMENT ........................................................................................................ 1

LEGAL ARGUMENT ....................................................................................................................... 1

I. PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT
SHOULD BE GRANTED ................................................................................................................ 1

CONCLUSION.................................................................................................................................. 3

# TABLE OF AUTHORITIES

Page(s)

Cases

*African Trade & Information Ctr. v. Abromaitis*,
   294 F.3d 355 (2d Cir.2002) ................................................................................................... 3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................ 1

*Bell Atlantic Corp. v. Twombley*,
   550 U.S. 544 (2007) ................................................................................................................ 1

*Ex parte Young*,
   209 U.S. 123, 28 S.Ct. 441 (1908) .......................................................................................... 3

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................................................................ 1

*Hall v. Marshall*,
   479 F. Supp. 2d 304 (E.D.N.Y. 2007) ..................................................................................... 3

*Hili v. Sciarrotta*,
   140 F.3d 210 (2d Cir. 1998) .................................................................................................... 3

*Luckey v. Harris*,
   860 F.2d 1012 (11th Cir.1988) ................................................................................................ 3

*Marinaccio v. Boardman*,
   2005 WL 928631 (N.D.N.Y. Apr.19, 2005) ........................................................................... 3

**PRELIMINARY STATEMENT**

Plaintiff, Andre Anderson ("Plaintiff"), submits the within motion for leave to file an Amended Complaint consistent with this Court's January 19, 2022 Memo Endorsed Order [ECF 37], as well as an Amended Summons to name Vincent Schiraldi, Commissioner of the New York City Department of Correction in his official capacity only, and in furtherance of Plaintiff's requested injunctive relief.

**LEGAL ARGUMENT**

**I. PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT SHOULD BE GRANTED**

Federal Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. *Foman v. Davis*, 371 U.S. 178 (1962).

Plaintiff's request for leave to file an amended complaint should be granted, as the newly pled allegations give Defendants fair notice of what the claims are and the grounds upon which they rest [*Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007)] and plausibly state viable causes of action for the constitutional violations alleged. See, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

After considering the grounds upon which the Court granted Defendants' motion to dismiss and reevaluating certain theories underlying Plaintiff's previously pled causes of action, Plaintiff has removed his cause of action for First Amendment retaliation and set forth allegations that give rise to violations of the Second, Fourth, and Fourteenth Amendments. [See, red-lined Proposed Amended Complaint and Proposed Amended Complaint attached hereto].

With respect to the DOC regulations pertaining to the seizure of *all* handguns, not solely those defined as employment-related handguns, Plaintiff has added a cause of action against the

1

City for such a policy as an unreasonable seizure of personal property, including the fact that such seizure occurred outside of the workplace at Plaintiff's private residence.

Plaintiff's causes of action under the Fourteenth Amendment's pre- and post-deprivation requirements remain, however, the changes to Plaintiff's factual allegations reasonably support his claims.

While this Court, in rejecting DOC's argument that its internal disciplinary procedures were an adequate post-deprivation remedy, held that a state Article 78 proceeding was a sufficient remedy, the allegations in the Amended Complaint prove differently. Plaintiff's Article 78 relating to his on-duty Glock 19 handgun was filed in March 2021 – close to 1 year ago – and he still has no determination. If he had filed an Article 78 proceeding for the return of his non-employment related Sig Sauer P365 handgun and M&P 15 rifle, his due process rights would have fared no better.

With respect to the DOC Directive 4511R-B III that any suspended staff member is prohibited from the "possession, carriage, handling, and purchase" of any and all types of firearms, including handguns, shotguns, and rifles, whether those firearms are related to or in the course of a staff member's employment, including those defined in DOC Directive 4511R-B § I (C), in the course of their personal lives, and/or off-duty, a cause of action against New York City has been added for violations of the Second and Fourth Amendments.

Plaintiff also added a cause of action against New York City for failure to train and/or supervise in relation to, *inter alia*, the seizure of Plaintiff's M&P 15 rifle because the directive authorizing the warrantless seizure of "all handguns" does not contain any language authorizing the seizure of long guns, including rifles.

The Amended Complaint also contains sufficiently pled allegations to establish the individually named Defendants are not entitled to qualified immunity. Moreover, qualified immunity is inapplicable to claims for injunctive relief. See, *Hall v. Marshall*, 479 F. Supp. 2d 304, 318 (E.D.N.Y. 2007) (Neither absolute nor qualified immunity is a defense to a claim for injunctive relief) citing, *Hili v. Sciarrotta*, 140 F.3d 210, 215 (2d Cir. 1998) (absolute immunity); *African Trade & Information Ctr. v. Abromaitis*, 294 F.3d 355, 360 (2d Cir.2002) (qualified immunity). Similarly, "[p]ersonal action by defendants individually is not a necessary condition of injunctive relief against state officers in their official capacity." *Luckey v. Harris*, 860 F.2d 1012, 1015 (11th Cir.1988) (citing, *inter alia, Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441 (1908)); accord *Marinaccio v. Boardman*, 2005 WL 928631, at *9 (N.D.N.Y. Apr.19, 2005) ("District courts in the Second Circuit have [held] that the personal involvement requirement does not apply to bar actions ... for injunctive relief[.]" (collecting cases)). The officer must, however, " 'by virtue of his office, ha[ve] some connection' with the unconstitutional act or conduct." *Luckey v. Harris*, 860 F.2d 1012, 1015-16 (11th Cir. 1988) (quoting *Young*, 209 U.S. at 157, 28 S.Ct. 441).

In that connection, Plaintiff's request to amend the Summons and Complaint to add DOC Commissioner Vincent Schiraldi in his official capacity related to Plaintiff's request for injunctive relief for the return of his P365 handgun and M&P 15 rifle should be granted.

## CONCLUSION

Based on the above, and the exhibits submitted herewith, it is respectfully requested that

Plaintiff's motion be granted in its entirety.

Dated: February 2, 2022
     Scarsdale, New York

                                THE BELLANTONI LAW FIRM, PLLC
                                *Attorneys for Plaintiff*

By:   \_\_\_/s/_____
        Amy L. Bellantoni (AB3061)
        2 Overhill Road, Suite 400
        Scarsdale, New York 10583
        914/367-0090
        abell@bellantoni-law.com